IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| THOMAS TAYLOR, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| SCHOOL OF THE WOODS, § | JURY DEMANDED |
| § | |
| Defendant, § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES,** Thomas Taylor ("Plaintiff"), and files this Original Complaint against SCHOOL OF THE WOODS, (hereinafter Defendant") and for cause of action would show the following:

### I.
### PARTIES

1. Plaintiff, Thomas Taylor, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant School of the Woods is a domestic entity and may be served with process through its Registered Agent Sherry B. Herron at 1321 Wirt Road Houston, TX 77055.  Plaintiff has requested a waiver of summons from the Defendant at this time.

## II.
### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000 et seq.), The Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.).

4. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about November 23, 2021, Plaintiff filed an Amended Charge of Discrimination based on sexual orientation and disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC"); Charge No. 460-2021-03702. Subsequently, on December 9, 2022, the EEOC issued Plaintiff a Notice of Right to Sue. *See* Exhibit A. Plaintiff files this lawsuit within ninety (90) days of receiving his Notice of Right to Sue and his lawsuit is therefore timely filed.

## IV.
### BACKGROUND AND FACTS

6. Thomas Taylor was employed as a Math and Science Teacher by School of the Woods from 2019 until he was terminated on June 19, 2021.

7. Shortly after he was hired, he attended a meeting with his department head to discuss his adjustment to the school and the working environment. During this conversation, Mr. Taylor was warned not to share his sexual orientation with anyone at the school. He was cautioned that this disclosure may cause parents to complain about their children being taught by a gay faculty

member and call for his removal.

8. Although Mr. Thomas had no plans to share anything about his personal life, he was so alarmed about this comment that he mentioned it to both Dr. Betsy Coe (Secondary Principal) and Ms. Sherry Herron (Head of School). During these conversations, he expressed concern that this policy was discriminatory and that he should not have to hide who he is to remain employed at the school. He left these discussions with the distinct impression that the school was supportive of these polices.

9. Unfortunately, his concerns about the school's discriminatory policies were validated in the fall of 2020 when he attended a student pot-luck event attended by parents and faculty. During this event, he was hounded with questions about his personal life. These questions appeared to have the intention of determining and exposing Mr. Taylor's sexual orientation.

10. The pot-luck event and questions about Mr. Taylor's personal life was discussed at a subsequent faculty meeting. Despite his efforts to remain focused on his job, the issue of Mr. Taylor's sexual orientation continued to be a discussion topic at school and on social media posts by parents and students. As a result, the school began looking for ways to get rid of him.

11. On January 13, 2021, Mr. Taylor was issued a written reprimand by Dr. Betsy Coe containing mischaracterizations about his work and cherry-picked issues with his teaching style. On January 14, 2021, Mr. Taylor submitted a written rebuttal to Dr. Coe's reprimand noting that the issues were false, and a continuation of harassment based on his sexual orientation.

12. On April 28, 2021, Mr. Taylor was summoned to Sherry Heron's office and reprimanded for his instruction style. The criticism was misplaced because Ms. Heron appeared to be conflating the term 'white board' with a 'shared screen' that was being used for students participating in

distance learning.

13.     Mr. Taylor responded to the reprimand and again reported that the false claims about him were a continuation of the harassment that he had been receiving from Dr. Coe and other administrators after parents raised concerns about his sexual orientation.

14.     On April 29, 2021, Mr. Taylor filed an internal complaint with School of the Woods for continuous harassment based on his sexual orientation.  In that same report, Mr. Taylor noted that he was being treated differently and held to a higher standard than his peers because of his sexual orientation.   He also disclosed that the harassment he was experiencing had caused significant health issues including high blood pressure, anxiety and sleeplessness.  Despite this report, School of the Woods failed to take any action to address or stop the harassment that Mr. Talyor was experiencing.

15.     On June 19, 2021 Mr. Taylor was fired from his teaching position at School of the Woods. While the school claimed that the termination was due to 'communication issues', the timing and circumstances strongly indicate that he was fired because of his sexual orientation and for reporting discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964.

## V.
### COUNT 1:  DISCRIMINATION BASED ON SEXUAL ORIENTATION

16.     The United States Supreme Court has held that Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination against any employee with respect to any term, condition or privilege of employment based on sexual orientation. *See Bostock v. Clayton Cty.*, 140 S.Ct. 1731 (2020).

17.     Pursuant to 29 U.S.C. § 2000e-2, Thomas Taylor pleads a cause of action against Defendant School of the Woods for employment discrimination based on sexual orientation.

18. The allegations contained in all paragraphs of this Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

19. Defendant School of the Woods engaged in unlawful employment practices involving Plaintiff by subjecting him to harassment, holding him to a different standard than his peers and terminating his employment because of his sexual orientation.

20. Plaintiff was terminated by School of the Woods shortly after reporting that he was being subjected to harassment and treated differently from his peers based on his sexual orientation.

21. Plaintiff asserts that he was terminated in violation of VII of the Civil Rights Act of 1964.

### COUNT 2: DISABILITY DISCRIMINATION

22. Title I of the Americans with Disabilities Act of 1990 prohibits discrimination against a qualified person with a disability because of their disability. Additionally, Title I of the ADA expressly requires employers to provide a reasonable accommodation to the known limitations of an otherwise qualified individual with a disability.

23. Pursuant to 29 U.S.C. § 12112(a) Plaintiff Thomas Taylor pleads a cause of action against Defendant School of the Woods for disability discrimination.

24. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

25. The Defendant engaged in discrimination against Plaintiff Thomas Tayor, a qualified teacher with a disability. Mr. Taylor reported that he had been harassed and subjected to a different standard than his peers based on his sexual orientation. On April 29, 2021 he reported that the harassment had taken a toll on his health causing high blood pressure, anxiety and sleeplessness. He requested the reasonable accommodation of time to recover from his medical condition and

that the school put a stop to the harassment.  Mr. Taylor was fired by School of the Woods less than three months after disclosing his medical condition to his supervisors.

26. Plaintiff asserts that the Defendant discriminated against him by failing to engage in the interactive process after he requested the reasonable accommodation of time to recover and terminating his employment in violation of the Americans with Disabilities Act.

### COUNT 3: RETALIATION IN VIOLATION OF TITLE VII

27. Title VII of the Civil Rights Act of 1964 prohibits retaliation against a person who has opposed discrimination by filing a charge, participating or testifying in an investigation, proceeding or litigation.  *See* 29 U.S.C. § 2000e-3(a).

28. Pursuant to 29 U.S.C. § 2000e-3(a) Plaintiff Thomas Taylor pleads a cause of action against Defendant School of the Woods for retaliation.

29. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

30. Mr. Taylor engaged in protected activity by making internal report(s) to administrators at School of the Woods on January 14, 2021 and April 28, 2021.  In his report(s) he detailed how he was being subjected to harassment and held to a different standard than his peers based on his sexual orientation.  As a result of these reports School of the Woods subjected him to additional scrutiny, failed to take any action to stop the harassment and ultimately terminated his employment on June 19, 2021.

31. Plaintiff alleges that Defendant retaliated against him by depriving him of equal employment opportunities, refusing to take any action to end the harassment and terminated his employment in violation of Title VII of the Civil Rights Act of 1964.

## VI.
### DAMAGES

32. Plaintiff sustained damages because of the actions and/or omissions of Defendant described herein. Accordingly, Plaintiff is entitled to an award of actual, compensatory damages including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court.

33. Plaintiff also asserts that School of the Woods acted with malice or reckless indifference to his federally protected rights entitling him to an award of **punitive damages**.

## VII.
### JURY DEMAND

34. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## VIII.
### PRAYER

35. For the reasons set forth above, Plaintiff Thomas Taylor respectfully prays that Defendant School of the Woods be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; attorney's fees, costs of court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**DUPREE LAW FIRM, PLLC**

Ronald Dupree
Texas Bar No. 24055433
Southern Dist. No. 1046738
2800 Post Oak Blvd, Suite 4100
Houston Texas 77056
Main: 832-800-4529
Fax: 281-503-7905
Email: Ronald@dupreelawfirm.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**