IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SCHOOL OF THE WOODS | § | NO. 4:23 –cv-00843 |
| | § | |
| Defendant | § | JURY DEMANDED |

**PLAINTIFF THOMAS TAYLOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Thomas Taylor, files this response to Defendant School of the Woods' Motion for Summary Judgment and would respectfully show the Court as follows:

## I.  BACKGROUND AND PROCEDURAL SUMMARY

Thomas Taylor was a Math and Science Teacher at School of the Woods ("the School") from 2019 until he was terminated on June 19, 2021. Mr. Taylor obtained a bachelor's degree from Georgia Institute of Technology. (Transcript of the deposition of Thomas Taylor, October 25, 2023 "Taylor Dep." Cited portions attached as **Exhibit A**, Taylor Dep. 8:1-4). He worked as an engineer for GE Oil & Gas immediately prior to becoming a teacher. (Taylor Dep. 9:7-12).

On or about June 10, 2019, Mr. Taylor accepted a supporting role at the School while enrolled in Montessori education instruction courses. (Taylor Dep. 24:1-3). He began teaching at the School during the 2019-2020 year without a signed employment agreement. (Taylor Dep. 26:1-6). Following his first year, he received a pay increase and returned to the school for the 2020-2021 school year, again without a signed agreement. Mr. Taylor is a gay man. He has testified that Dr. John Branch, who served as a department head at the school, advised him that it would be best if he were not "out" at School of the Woods. (Taylor Dep. 46:1-15). Although Mr. Taylor had no plans to discuss his personal life at work, he was so disturbed by this statement that he reported it to his faculty advisor Dr. Betsy Coe. (Taylor Dep. 81:1-15).

In April of 2021 Mr. Taylor reported to Head of School Sherry Herron that he was being treated differently because of his sexual orientation. (Taylor Dep. 151:16-25, 152:1-12). Mr. Taylor followed up this discission with a written email to Ms. Herron where he described the issue as a matter of "workplace harassment" and disclosed the physical impact that the treatment had on his health. (Transcript of the Deposition of Sherry Herron, November 30, 2023 "Herron Dep." Cited portions attached as **Exhibit B** at 43:7-25) **(Exhibit C)**. In that same message, Mr. Taylor requested the reasonable accommodation of taking steps to stop the harassment and time off to recover. *Id.* Although Ms. Herron conceded at her deposition that she received Mr. Taylor's email containing these requests, the only step she took to

address his concerns was to schedule a meeting for May 5, 2021. (Herron Dep. 46:1-14). The meeting never happened and a short time after making his report, Mr. Tayor was terminated from School of the Woods. (Herron Dep. Pg 54:12-25).

Mr. Taylor timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on November 23, 2021. He filed this lawsuit on March 7, 2023. Dkt. No. 1. On May 5, 2023, the Defendant moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 9. The Court denied that motion on May 23, 2023. Dkt. No. 13. The Defendant has filed this Motion for Summary Judgment under Rule 56(b) of the Federal Rules of Civil Procedure. Dkt. No. 17.

## II. STANDARD OF REVIEW

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. *Celotex Corp. v. Carett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); In reviewing a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Havrill v. Westward Communications, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005); *Reeves v. Sanderson*

3

*Plumbing Co.*, 530 U.S. 133, 150 (2000); The Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.*

### III. THE COURT HAS ALREADY REJECTED DEFENDANT'S *ELLERTH/FARAGHER* DEFENSE

The Court should reject the School's *Ellerth/Faragher* Defense since the Defendant asserted this identical argument in its failed Motion to Dismiss. *See* Dkt. No. 9, pg. 12. The Fifth Circuit Court has held that to succeed on summary judgment in reliance on an affirmative defense, the moving party must establish beyond peradventure all of the essential elements of the "defense to warrant judgment in its favor." *Smith v. Ochsner Health Sys.*, 956 F.3d 681, 683 (5th Cir. 2020). There is fundamentally no distinction between this Motion and the argument previously rejected by the Court. The Defendant has again cited its own policies in an effort to satisfy the *first* element of its *Ellerth/Faragher* defense. Dkt. No 17, pg. 11. The Defendant also claims that Mr. Taylor "admitted repeatedly during his deposition that he had never raised a complaint of harassment based on sexual orientation at any time prior to the filing of his EEOC Charge." *See* Dkt. No. 17, pg. 12. This is misleading. Mr. Taylor also testified that he met with Dr. Betsy Coe and Sherry Herron to report that he was being treated differently because of his sexual orientation. (Taylor Dep.146:19-23, 151:20-25).

In her deposition Sherry Herron admitted that she did not present the school's handbook containing its discrimination policies to all staff members for review. (Herron Dep.13:2-4). When asked whether she personally went through the

4

handbook with new employees, Ms. Herron testified that she only goes through the parts that pertain to them. (Herron Dep.13:10-15). Mr. Taylor also testified that he was not aware of any policy for reporting discrimination based on sexual orientation. (Taylor Dep. 38:8-20). This demonstrates that there is a material fact issue about whether School of the Woods effectively implemented its anti-discrimination policies. As the Fifth Circuit has held, while a policy may indicate that the Defendant took some measures to prevent harassment and discrimination, "[n]ot every policy eliminates liability." *Id.* (citing *EEOC v. Boh Bros. Constr. Co., LLC*, 731 F.3d 444, 463 (5th Cir. 2013))

The Fifth Circuit has also noted that the "two prongs of the *Ellerth/Faragher* affirmative defense are conjunctive," so the court does not need to "consider prong two" if its determination on prong one is dispositive. *Boh Bros.*, 731 F.3d at 466. Since the record reveals a clear disconnect between the Defendant's policies and Mr. Taylor's reporting this demonstrates that the School had a policy "in theory but not one in practice." *Wallace v. Performance Contrs. Inc.*, 57 F.4th 209, 223 (5th Cir. 2023). Accordingly, the Defendant's Motion should be denied since a reasonable jury could conclude, based on Mr. Taylor and Ms. Herron's testimony, that the School's policy was not implemented. *See Wallace v. Performance Contrs., Inc.*, 57 F.4th 209, 223 (5th Cir. 2023).

# IV.   TAYLOR SEXUAL ORIENTATION DISCRIMINATION CLAIM

School of the Woods is not entitled to summary judgment in this case because a genuine issue of material fact exists as to whether Mr. Taylor was terminated because of his sexual orientation. At the summary judgment phase, courts apply the *McDonnell Douglas* burden shifting framework to discrimination claims brought under Title VII of the Civil Rights Act of 1964. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). Pursuant to this framework Mr. Taylor may establish a *prima facie* case of disparate treatment sexual orientation discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered adverse employment action; and (4) he was treated less favorably than other similarly situated employees outside of his protected group. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007), *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). School of the Woods has challenged Mr. Taylor's ability to meet the *fourth* prong of his *prima facie* case. Dkt. No. 17, pg. 13.

Mr. Taylor's burden at this phase is "not onerous." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The Fifth Circuit has instructed that at this stage the employee need make only a "very minimal showing." *Ward v. Midwestern State Univ.*, 217 Fed. Appx. 325, 327 (5th Cir. 2007). Once Mr. Taylor meets this burden, he raises a rebuttable presumption of discrimination. *Burdine*, 450 U.S. at 250. To rebut this presumption, School of the Woods must articulate a

legitimate, nondiscriminatory reason for its action.  If the Defendant is able to make this showing, the burden shifts back to Mr. Taylor to demonstrate that (1) either the employer's stated reason was merely a pretext for unlawful discrimination or (2) the Defendant's reason, while true, was only one reason for the conduct and discrimination is another motivating factor.  *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012).

> 1. **Mr. Taylor can Establish a *Prima Facie* Case for Discrimination based on his Sexual Orientation.**

School of the Woods' Motion for Summary Judgment must be denied because Mr. Taylor can establish that he was treated less favorably than similarly situated employees outside his protected group.  Mr. Taylor has testified that shortly after he began at School of the Woods, Dr. John Branch warned him not to share his sexual orientation with anyone at the school.  (Taylor Dep. 82:8-24, 83:1-25,85:5-7).  Mr. Taylor also testified that he reported this conversation to both Ms. Herron and Dr. Coe.  (Taylor Dep.81:2-25).  While Mr. Taylor never had any intention of discussing his sexual orientation with anyone, the issue hung over his every move while he was employed with the School. (Taylor Dep. 83:10-19).  Mr. Taylor also testified that when his sexual orientation became a problem, the School dismissed him. (Taylor Dep. 86:2-5).  Finally, Mr. Taylor testified that teachers outside of his protected group were not prohibited from sharing their personal life.  (Taylor Dep. 83:21-24).  In fact, as is common, many of his colleagues outside of his protected

class freely shared information about their personal lives without punishment. (Taylor Dep.84:1-11).

In its Motion, School of the Woods has argued that Mr. Taylor cannot point to "similarly situated" individuals narrowly defining the phrase as a "non-LGBTQ+ teacher who is in their second-year teaching at the Woods with no prior teaching experience." Dkt. No. 17, pg. 14. *First*, Taylor has testified that none of his non-LGBTQ+ colleagues were prohibited from sharing information about their personal lives. (Taylor Dep.83:21-24). *Second*, the School's definition of similarly situated is more narrow than established precedent requires. The Supreme Court has held that the *McDonnell Douglas* method of proving discrimination was not meant to be inflexible. *McDonnell Douglas*, 411 U.S. at 802 n. 13. Sometimes a plaintiff cannot identify similarly situated employees. To account for such circumstances in the disability context, courts have held that the *fourth* prong really requires a showing that the circumstances surrounding the adverse employment action indicate that it is more likely than not that the plaintiff's disability was the reason for it. *See Leffel v. Valley Fin. Services*, 113 F.3d 787, 794 (7th Cir.1997); *Spath v. Hays Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396-97 (7th Cir.2000); *Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1085 (10th Cir.1997); *Enis v. Nat'l Ass'n of Bus. & Educ. Radio Inc.*, 53 F.3d 55, 58-59 (4th Cir. 1995).

The Eleventh Circuit Court of Appeals has specifically discussed whether a plaintiff is required to identify a similarly situated comparator to establish a *prima*

*facie* case for discrimination. In *Smith v. Lockheed Martin Corp.*, the district court granted summary judgment in favor of the defendant because the plaintiff had failed to identify a comparator in "nearly identical" circumstances. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321 (11th Cir. 2011). On appeal, the Eleventh Circuit agreed that the comparator had not been identified, but ultimately reversed the decision because the plaintiff had produced other circumstantial evidence sufficient to create "a triable issue concerning the employer's discriminatory intent." *Id.* at 1327-28. The court specifically held that the "failure to produce a comparator does not necessarily doom the plaintiff's case because circumstantial evidence can be sufficient even if it does not fit the *McDonnell Douglas* burden shifting formula." *Id.* at 1329 (11th Cir. 2011).

In this case, summary judgment should be denied because the circumstances surrounding Mr. Taylor's claims are sufficient to establish the *fourth* prong of his *prima facie* case for discrimination based on sexual orientation. School of the Woods' self-serving definition of "similarly situated" is incoherent and inconsistent with guidance from the Supreme Court. In this context, Mr. Taylor's testimony that he was instructed not to discuss his sexual orientation and later terminated when it "became a problem" creates a triable issue concerning the School's discriminatory intent. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321 (11th Cir. 2011).

## 2. Mr. Taylor can establish that Williams' Justification is Pretext

Since Mr. Taylor can establish a *prima facie* case for discrimination based on sexual orientation the burden shifts to the School to articulate a non-discriminatory reason for the employment action. Assuming that the School has met this burden, Mr. Taylor can avoid summary judgment by offering sufficient evidence to create a genuine issue of material fact that "the legitimate reasons offered by the Defendant were not its true reason, but a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). Pretext may be established directly, by showing that a discriminatory reason more likely motivated the employer; or indirectly, by showing that the employer's proffered reason is unworthy of credence. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). An employee establishes pretext by revealing such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered reasons for its actions that a reasonable fact finder could find them unworthy of credence. *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1198 (10th Cir. 2000). In this situation, Mr. Taylor can demonstrate pretext by pointing to the contradictory assessment of his performance offered by Ms. Herron shortly after he was terminated.

a. <u>Sherry Herron's positive reference for Mr. Taylor immediately following his termination creates fact issues precluding summary judgment.</u>

School of the Woods' Motion for Summary Judgment must be denied because a genuine issue of material fact exists as to whether Mr. Taylor was terminated or non-renewed based on his performance. The Fifth Circuit has held that proof that the employer's decision was nonsensical, arbitrary, or capricious may support a finding that the employer's articulated reason is a pretext for discrimination. *See Tyler v. Union Oil Co. of California*, 304 F.3d 379,396 (5th Cir. 2002); *EEOC v. Texas Instruments*, 100 F.3d 1173, 1182 (5th Cir. 1996); *Moore v. Eli Lilly Co.*, 990 F.2d 812, 819 (5th Cir. 1993).

In *Russell v. McKinney Hosp. Venture* the Fifth Circuit considered whether an employee had presented sufficient evidence of age discrimination to create a jury issue. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 224 (5th Cir. 2000). The plaintiff in *Russell* was fifty-four (54) years of age when she was hired by the defendant. She filed suit for age discrimination after she was terminated from her position. After a full trial, the jury rendered a verdict in favor of the plaintiff. The trial court subsequently granted the defendant's motion for judgment as a matter of law on the plaintiff's ADEA claim. On appeal, the Fifth Circuit considered whether the plaintiff had presented sufficient evidence of age discrimination to support the jury's verdict.

After establishing that the plaintiff had met her *prima facie* burden, the court considered whether the plaintiff had provided sufficient evidence to create a jury question on the issue of whether the employer's justification was pretextual. *See id.* at 224. The defendant's stated reason for Russell's termination was that a "change in management style" was needed. *Id.* The plaintiff responded by presenting evidence of a favorable performance evaluation just months prior to her termination. The Court held that this positive feedback, contrasted with the defendant's justification for her termination, had created conflicts of substantial evidence appropriate for the jury's determination. *Id.* at 225.

In this case, School of the Woods has asserted that Mr. Taylor's instructional style was a significant factor in the non-renewal of his agreement. *See* Dkt. No. 17, pg. 5. The Defendant claims that Mr. Taylor's deficiencies included lesson planning, an inability to support effective instruction in his pre-calculous course and a general inability to accept constructive feedback. *See* Dkt. No. 17, pg. 5-8. Contrary to these allegations, immediately following his tenure with School of the Woods, Mr. Taylor applied for a substitute teacher position with Klein Independent School District ("KISD"). He requested and received a positive reference from Sherry Herron to support his application.

Ms. Herron's reference for Mr. Taylor required her to evaluate his performance in several categories on a standard form. The rating for each category ranged from "Outstanding" to "Needs Improvement." **(Exhibit D)**. At her

12

deposition, Mr. Herron conceded that in the category for "Personal Integrity," she rated Mr. Taylor "Above Average." (Herron Dep.58:16-21). She also testified that she rated him as "Above Average" in the categories of "Interpersonal Skills—works well with others" "Self-Control-Handles Stress," "Follows Direction," "Responsible for Tasks and Attitude Towards Children and Teens." *Id.* In fact, there is not one category where Ms. Herron rated Mr. Taylor as "Needs Improvement." (**Exhibit D**). When KISD asked if Ms. Herron would recommend Mr. Taylor for re-hire she answered "yes." *Id.* Finally, when KISD asked if Ms. Herron knew of any reason why Mr. Taylor should not be employed or work with students, she responded "no." *Id.* Consistent with the Fifth Circuit's analysis in *Russell*, this Court should deny School of the Woods' Motion because Mr. Taylor has countered the Defendant's performance argument and created conflicts in substantial evidence.

## V. TAYLOR DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS

School of the Woods is not entitled to summary judgment in this case because a genuine issue of material fact exists as to whether Mr. Taylor was terminated because of his disability. Mr. Taylor can establish a *prima facie* case of disability discrimination by showing (1) he had a disability; (2) he was qualified for his position; (3) he was subject to adverse employment action; and (4) he was replaced by a non-disabled person or treated less favorably than a non-disabled person. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995); *Seaman v. CSPH, Inc.*, 179 F.3d

297,300 (5th Cir. 1999); *Ingles v. Neiman Marcus Group*, 974 F. Supp. 996, 1000 (S.D. Tex. 1997). School of the Woods has challenged Mr. Taylor's ability to meet the *first* element of his *prima facie* case. Dkt. No. 17, pg. 16.

The Americans with Disabilities Act ("ADA") prohibits discrimination against a qualified individual with a disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment. 42 U.S.C. § 12112(a). *See also Daugherty v. City of El Paso*, 56 F.3d 695 (5th Cir. 1995); *Dutcher v. Ingalis Shipbuilding*, 53 F.3d 723 (5th Cir. 1995). The Fifth Circuit has observed that the ADA prescribes three marks of a "disability" under § 12102(2)(A): (1) impairment; (2) affecting a major life activity; and (3) resulting in substantial limitation of that major life activity. *See EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999). The Supreme Court has confirmed that the decisionmaker must have knowledge of the disability to have acted upon it. *Raytheon Co. v. Hernandez*, 124 S. Ct. 513, 520 n.7 (2003). "An employer's failure to make a reasonable accommodation is a separate form of prohibited discrimination under both the ADA and the Rehabilitation Act." *Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004). If an employee requests an accommodation, the employer must engage in an interactive process to determine whether reasonable accommodations are possible. *Ballard v. Rubin*, 284 F.3d 957, 960 (8th Cir. 2002).

In this case, Mr. Taylor has testified that he was experiencing high blood pressure, agitation, and sleepless nights as a direct consequence of the treatment he experienced at School of the Woods. (Taylor Dep. 148:8-17). He reported the issue as a matter of "workplace harassment" and requested time to recover until the harassment was stopped. (Taylor Dep. 149:1-16). Ms. Herron has admitted that she received Mr. Taylor's report in her deposition. (Heron Dep. 43:7-25, 53:4-25). Despite acknowledging receipt of Mr. Taylor's medical condition and requested accommodation, Ms. Herron did nothing to stop the harassment or address his request for time off. (Herron Dep. 48:4-15, 54:1-4).

To justify its failure to engage in the interactive process, the School now claims that Mr. Taylor "offered no medical evidence, offered no indication of recovery time required, and failed to follow-up with Ms. Herron." Dkt. No. 17, pg. 18. Had the School engaged in the interactive dialog *at that time*, it may very well have reached the conclusion that it encourages the Court to reach now. However, the failure to accommodate Mr. Taylor was the natural result of the School's own lack of good faith. Less than three months after this disclosure and accommodation request, the School decided not to renew Mr. Taylor's teaching agreement. As set forth in detail in **Section IV. (2),** *supra*, Mr. Taylor can establish pretext by pointing to Ms. Herron's extremely favorable assessment of his performance in a reference for a substitute teacher position with Klein Independent School District. Accordingly, the Defendant's Motion for Summary Judgment should be denied.

# VI. TAYLOR RETALIATION CLAIM

The Court should deny the Defendant's Motion for Summary Judgment because Mr. Taylor can establish each element of his retaliation claim. To establish a *prima facie* case of retaliation Mr. Taylor must show that he was engaged in an activity protected by statute, that he was subject to an adverse employment action and that there was a "causal link" between the protected act and the unlawful action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004); *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999).

"Protected activity" is an employee's conduct in opposing an employer's allegedly illegal discriminatory practice, or an employee's conduct in making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the statute. 42 U.S.C. § 12203(a). Referring directly to this provision, the Supreme Court has noted that "[r]ead naturally, the word 'any' has an expansive meaning, and thus, so long as Congress did not add any language limiting the breath of the word, the term 'any' must be given literal effect." *See United States v. Gonzalez*, 520 U.S. 1, 5 (1997). The Fifth Circuit has also held that "to show protected activity, an employee need not prove the practices he or she opposed actually constituted illegal discrimination; the employee, however, must demonstrate that he or she had at least a reasonable and good faith belief that the employer's practices were illegal at the time of the opposition." *See Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996); *Payne v. McLemore's*

*Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981); *cf. St. John v. NCI Bldg. Sys.*, 537 F. Supp. 2d 848, 864-865 (S.D. Tex. 2008).

The Supreme Court has also held that an "adverse employment action" is any action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53,57 (2006); *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). A "causal link" is shown when the evidence demonstrates that the employer's decision to terminate was based in part on knowledge of the employee's protected activity. *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1121-22 (5th Cir. 1998); *Cruz v. R2Sonic, LLC*, 405 F. Supp. 3d 676 (W.D. Tex. 2019). The "causal link" required by the *third* prong of the *prima facie* case does not rise to the level of a 'but for' standard. Mr. Taylor is not required to prove that his protected activity was the sole factor motivating the School's decision. *See Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Finally, the Fifth Circuit has held that evidence of a supervisor's knowledge of the protected activity and subsequent recommendation for termination are sufficient to prove a *prima facie* "causal link" between the activity and the termination. *See Long v. Eastfield College*, 88 F.3d 300, 306 (5th Cir. 1996). Here, the Defendant has challenged Mr. Taylor's ability to establish the *first* and *third* prong of his *prima facie* case. Dkt. No. 17, pg.19.

## 1. Mr. Taylor can establish a P*rima Facie* Retaliation Claim.

The evidence in this case demonstrates that Mr. Taylor engaged in protected activity when he reported to Ms. Herron and Dr. Coe that he was advised not to be "out" at the School. (Taylor Dep. 81:2-25). He further reported to Ms. Herron that he believed Dr. Coe treated him differently because of his sexual orientation. (Taylor Dep.110:16-20). Ms. Herron also testified that she received Mr. Taylor's April 29, 2021, email where he reported "workplace harassment." (Herron Dep. 43:20-25, 45:1-25), (**Exhibit C**). Mr. Taylor experienced adverse employment action when his contract was not renewed less than three months after his last report. A causal link exists between Mr. Taylor's protected activity and the Defendant's decision not to renew his contract since Ms. Herron was aware of his protected activity immediately prior to his termination.

Since Mr. Taylor has established a *prima facie* case for retaliation, the School is required to articulate a legitimate, non-discriminatory reason for its employment decision. To demonstrate pretext, Mr. Taylor must show that the School would not have taken this action against him 'but for' his protected activity. *Maestas v. Apple, Inc.,* 546 F. App'x 422, 428 (5th Cir. 2013). As set forth in detail in **Sections IV. (2),** *supra*, Mr. Taylor can establish pretext by pointing to Ms. Herron's extremely favorable assessment of his performance in a reference for a substitute teacher position with Klein Independent School District immediately following his termination. Accordingly, the Defendant's Motion for Summary

Judgment must be denied.

## VII.  CONCLUSION

Plaintiff Thomas Taylor respectfully requests that this Court deny the Defendant's Motion for Summary Judgment.  Summary judgment is inappropriate in this case because there are significant issues of material fact that should be resolved by a jury.

        Respectfully Submitted,

        **DUPREE LAW FIRM, PLLC**

        */s/ Ronald Dupree*
        _____
        Ronald Dupree
        Texas Bar No. 24055433
        Southern District No. 1046738
        2800 Post Oak Blvd., Suite 4100
        Houston Texas 77056
        Main: 832-800-4529
        Fax: 281-503-7905
        Email: Ronald@dupreelawfirm.com

        **ATTORNEY-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 19, 2024, a true and correct copy of Plaintiff Thomas Taylor's Memorandum in Opposition to the Defendant's Motion was e-filed with the Court using the Court's CM/ECF system.

_____
Ronald Dupree