IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS TAYLOR, | § | |
| Plaintiff, | § | |
| vs. | § | |
| SCHOOL OF THE WOODS | § | NO. 4:23 –cv-00843 |
| Defendant | § | JURY DEMANDED |

## SUMMARY OF PLAINTIFF MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant's Motion for Summary should be denied since a reasonable jury could determine that Mr. Taylor experienced demonstration based on his sexual orientation, disability and that the School failed to accommodate his condition. A reasonable jury could also determine that Mr. Taylor experienced retaliation after reporting discrimination and disclosing his medical condition. Finally, the Defendant's *Ellerth/Faragher* defense must fail since this argument was already rejected by the Court in denying the Defendant's Motion to Dismiss. Dkt. No. 13.

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. *Celotex Corp. v. Carett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if a reasonable jury could enter a

verdict for the non-moving party *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

School of the Woods' Motion for Summary Judgment must be denied because a reasonable jury could determine that Mr. Taylor was treated less favorably than similarly situated employees outside his protected group. Mr. Taylor has testified that shortly after he began at School of the Woods, Dr. John Branch warned him not to share his sexual orientation. He also testified that he reported this conversation to both Ms. Sherry Herron (Head of School) and Dr. Betsy Coe. Finally, Mr. Taylor testified that teachers outside of his protected group were not prohibited from sharing their personal life.

With respect to disability discrimination, Mr. Taylor testified that he was experiencing high blood pressure, agitation, and sleepless nights as a direct consequence of the treatment he experienced at School of the Woods. He reported the issue as a matter of "workplace harassment" and requested time to recover until the harassment was stopped. Ms. Herron has admitted that she received Mr. Taylor's report in her deposition. Despite acknowledging receipt of Mr. Taylor's medical condition and requested accommodation, Ms. Herron did nothing to stop the harassment or address his request for time off.

With respect to retaliation, the evidence shows that Mr. Taylor engaged in protected activity when he reported to Ms. Herron and Dr. Coe that he was advised not to be "out" at the School. Ms. Herron also testified that she received Mr. Taylor's

2

April 29, 2021, email where he reported "workplace harassment." Mr. Taylor experienced adverse employment action when his contract was not renewed less than three months after his last report. A causal link exists between Mr. Taylor's protected activity and the Defendant's decision not to renew his contract since Ms. Herron was aware of his protected activity immediately prior to his termination.

Mr. Taylor can establish pretext by pointing to Ms. Herron's extremely favorable assessment of his performance in a reference for a substitute teacher position with Klein Independent School District shortly after his termination. For these reasons, as described in greater detail in it's the Plaintiff's full brief, the Defendant's Motion for Summary Judgment must be denied.

Respectfully Submitted,

**DUPREE LAW FIRM, PLLC**

Ronald Dupree
Texas Bar No. 24055433
Southern District No. 1046738
2800 Post Oak Blvd., Suite 4100
Houston Texas 77056
Main: 832-800-4529
Fax: 281-503-7905
Email: Ronald@dupreelawfirm.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, a true and correct copy of the Summary of Plaintiff Thomas Taylor's Memorandum in Opposition to the Defendant's Motion for Summary Judgment was e-filed with the Court using the Court's CM/ECF system.

_____
Ronald Dupree