United States District Court
Southern District of Texas
**ENTERED**
February 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THOMAS TAYLOR, §
§
Plaintiff, §
§
v. § Civil Action No. H-23-843
§
SCHOOL OF THE WOODS, §
§
Defendant. §
§
§
§

## ORDER

Pending before the Court is the Defendant's Motion for Summary Judgment (Document No. 17). Having considered the motion, submission, and applicable law, the Court determines that the Defendant's motion for summary judgment should be granted.

## I. BACKGROUND

This is an employment dispute. Plaintiff Thomas Taylor ("Taylor") was employed by Defendant School of the Woods ("The Woods") for two years. Taylor worked as a math and science teacher. During Taylor's employment, The Wood administrators provided regular feedback to teachers on curriculum, and teachers occasionally received feedback from the middle and high school consultants employed by Houston Montessori Center ("HMC"). In consideration of being a first-year teacher, Sherry Herron ("Herron"), Head of School, and Dr. Elisabeth Coe ("Dr.

Coe"), the high school principal, attempted to provide regular feedback to Taylor on lesson plans and assisted him with grading and assignment issues as they arose.[1] The Woods contend Taylor refused to take constructive criticism, communicate consistently, or participate in any proposed collaborative efforts to help Taylor improve as a teacher.

Taylor, who is openly gay, contends his sexual orientation was the cause of what he considers harassment throughout his time at The Woods. Taylor contends he told Herron, by email, of workplace harassment and that said harassment was having a negative effect on his health. Taylor further contends that in the same email communication, he requested reasonable accommodations from Herron to address his health concerns and to stop the harassment. Taylor contends the only action taken by Herron was to schedule a meeting for May 5, 2021. The meeting did not occur, and on June 12, 2021, Herron informed Taylor that The Woods was exercising its right not to renew his employment contract. On November 29, 2021, Taylor filed charges of discrimination based on sex, sexual orientation, disability, and retaliation with the Equal Employment Opportunity Commission ("EEOC"). In the Charge of Discrimination, Plaintiff alleged all the purported harassment and discrimination

---

[1] The Court notes that other teachers at The Wood stated this was common practice for new teachers, especially those that struggled with a aspect of their job.

2

was based on his sexual orientation.

Based on the foregoing, on March 7, 2023, Weeks filed this lawsuit asserting claims for (1) discrimination based on sexual orientation under the Civil Rights Act of 1964 ("Title VII"), (2) disability discrimination, and (3) retaliation in violation of Title VII. On December 29, 2023, The Woods moved for summary judgment on Taylor's claims.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

The Woods contend the Ellerth/Faragher affirmative defense is a complete bar to Taylor's claim. The Woods further contend that Taylor's claims all fail as a matter

4

of law.[2] Taylor contends: (1) summary judgment based on The Woods's affirmative defense would be improper; (2) there is a question of fact as to whether The Woods discriminated against Taylor; and (3) Taylor has established every element of a retaliation claim.

A.    *Sexual Orientation Discrimination*

Taylor contends he was discriminated against on the basis of his sexual orientation. The Woods contends that Taylor's claims are based on his subjective beliefs, which he developed after he received constructive criticism and instruction to improve.

To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show he: "(1) is a member of a protected class; (2) was qualified for [his]

_____

[2] The Ellerth/Faragher defense provides employers a safe harbor from liability resulting from sexual harassment claims brought against a supervisor. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 765 (1998). Courts have since expanded this defense to apply to other protected classes in cases of harassment. *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581, 593 (5th Cir. 1998). Under the Ellerth/Faragher affirmative defense, an employer is not vicariously liable for harassment by a supervisor if it can show that (1) the employer exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise. *Wallace v. Performance Contractors, Inc.*, 57 F.4th 209, 223 (5th Cir. 2023). Taylor contends that The Woods did not train on or enforce its policy, so The Woods should not be allowed to rely on the affirmative defense. The Woods contends both elements are met, and Taylor's sexual orientation discrimination claim is barred as a matter of law. While the Ellerth/Faragher defense likely could apply, the Court instead chooses to reach the merits of each of Taylor's claims.

position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)) (internal quotations omitted).

The Woods contend Taylor has failed to establish a *prima facie* case of discrimination based on his sexual orientation. Specifically, Taylor has failed to identify a similarly situated employee.[3] Even if a similarly situated employee was identified, the file lacks any record of an employee being treated more favorably. Taylor admitted in his deposition that all teachers were required to provide their study guides and receive feedback from Herron.[4] Regardless, the Court assumes, without deciding, Taylor can establish a *prima facie* case of racial discrimination and now applies the *McDonnell Douglas* framework to determine if The Woods's reasons for its employment decisions regarding Taylor are legitimate and nondiscriminatory.

---

[3] *Defendant's Motion for Summary Judgment*, Document No. 17 at 14.

[4] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 5 at 88:9–13 (*Deposition of Thomas Taylor*).

The Woods contend it can demonstrate legitimate, nondiscriminatory reasons for its decisions. Specifically, Taylor's performance as a teacher and his unwillingness to collaborate or communicate with the administrators who were trying to help him improve. Taylor contends The Woods's reasons are mere pretext, and he was harassed based on his sexual orientation. Taylor further contends that The Woods's subsequent positive reference in aid of him seeking a substitute teacher job is proof of pretext.

The *McDonnell Douglas* framework applies when a defendant moves for summary judgment on claims of discrimination based on circumstantial evidence. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir.) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Id.* (citing *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995)). If the plaintiff meets this burden, the burden then shifts to the defendant, who must produce evidence that the adverse employment decisions were based on a legitimate, nondiscriminatory reason. *Id.* (citing *Mayberry*, 55 F.3d at 1089). Should the defendant carry this burden, the burden shifts back to the plaintiff to show the defendant's proffered reasons are a pretext for discrimination. *Id.* (citing *Mayberry*, 55 F.3d at 1089).

7

Taylor worked for The Woods for approximately two years as a math and science teacher. During this time, multiple complaints were reported about Taylor's lesson plans and overall ability as a teacher. These complaints came from both students and parents. This led The Woods to attempt to mentor and aid Taylor in improving as a teacher. On January 13, 2021, Dr. Coe emailed Taylor about deficiencies in a lesson plan, providing him with the criteria the plan did not meet and a date for resubmission.[5] Taylor responded by making various accusations against Dr. Coe and, overall, not cooperating with The Woods's attempts to improve his teaching ability.

On February 22, 2021, a Student Advisor,[6] Hailey Nicholson, received negative and concerning feedback from several students and parents regarding the Plaintiff's pre-calculus course.[7] Nine of eleven students in Taylor's class raised various concerns, including that he was dismissive and unapproachable, and the

---

[5] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 7 at 30-31 (*Affidavit of Sherry Herron*).

[6] A student advisor is a veteran teacher who advises students during their time at The Woods. *Defendant's Motion for Summary Judgment*, Document No. 17 at 6.

[7] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 8 ¶ 9) (*Affidavit of Hailey Nicholson*).

students relied on other teachers (and students) to teach them pre-calculus.[8]  Similar

concerns were also reported to student advisor Amanda Villanueva ("Villanueva").[9]

On April 13, 2021, Villanueva reached out to Plaintiff, offering possible solutions

to help Taylor teach in class more effectively.[10]  Taylor was again not open to

constructive criticism or advice on improving. On April 28, 2021, Herron met with

Taylor about complaints received from a student about grading and assignments, as

The Woods considered them serious concerns.

On April 29, 2021, in response to the meeting with Herron, Taylor sent an

email stating "he experienced another night of high blood pressure and sleeplessness

as a result of their previous meeting."[11]  Taylor also indicated his stress was from

"workplace harassment," and he requested not to work until the harassment stopped

and he had time to recover. The email did not address what form of harassment he

---

[8] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 8 ¶ 9)
(*Affidavit of Hailey Nicholson*).

[9] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 9 ¶ 10)
(*Affidavit of Amanda Villanueva*).

[10] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 9 ¶ 12)
(*Affidavit of Amanda Villanueva*).

[11] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 7 ¶ 10
(*Affidavit of Sherry Herron*).

was being subjected to.[12] The email did not express any complaint about discrimination based on his sexual orientation. A meeting was set for May 5, 2021, to address Taylor's email and continued deficiencies in the classroom. On May 5, 2021, two minutes before his scheduled meeting, Taylor canceled the meeting, stating that he was covering another class that morning.[13] On June 12, 2021, Herron informed Plaintiff that Woods was exercising its right not to renew his employment contract.

Here, The Woods had legitimate concerns about Taylor's teaching ability. This is supported by the numerous complaints from students, parents, and student advisors. However, The Woods did not simply punish or fire Taylor. Instead, the administration sought to assist Taylor in improving and succeeding as a teacher. Other junior teachers were treated in similar ways when they struggled with the structure of their course.[14] The critical difference is that those teachers were open to

---

[12] The email sent by Taylor focused on COVID-19 policies, difficulty using classroom technologies, and harassment of and from students. *See Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 7 ¶ 10 (*Affidavit of Sherry Herron*); and *Plaintiff Thomas Taylor's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 1, Exhibit C at 1 (*April 29, 2021, Email*).

[13] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 7 ¶ 11 (*Affidavit of Sherry Herron*).

[14] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 11 ¶¶ 7–12 (*Affidavit of Demi Rodriguez*).

critiques and worked with Dr. Coe and Herron to improve and succeed as teachers at The Woods. Meanwhile, Taylor was consistently combative and adverse to any criticism or plan for his improvement. Further, Taylor continuously refused to communicate with Herron or Dr. Coe. Instead, Taylor considered any critique or administrative meeting "harassment." This continued impasse between the administration and Taylor led to The Woods terminating Taylor's employment. The record fully supports The Woods's contention that Taylor's termination was for legitimate and nondiscriminatory reasons. Specifically, Taylor was not meeting The Woods's expectations regarding his lesson plan and teaching style and his refusal to work with the administration to improve. Additionally, Taylor refused to communicate consistently, evidenced by the unreturned emails and canceled meeting. Accordingly, the Court finds that The Woods has proffered legitimate, nondiscriminatory reasons for its actions. Therefore, the burden shifts to Taylor to show that The Woods' proffered reasons are mere pretexts.

Taylor contends that Herron's favorable reference in support of Taylor's acquisition of a new job proves that The Woods's proffered reasons are mere pretexts.[15] The Woods contend the letter of recommendation was for a substitute

---

[15] *Plaintiff Thomas Taylor's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 19 at 11.

teacher role that was substantially different from his role at The Woods. Further, the evidence of The Woods' reasons for their action includes multiple staff members' depositions and affidavits attesting to Taylor's deficiencies and refusal to work with them to improve. In contrast, Taylor proffered evidence of a singular recommendation for a new job as proof that the reasons given by The Woods are pretextual. The Woods contend a substitute teacher does not plan the curriculum of a class or have any responsibility for the students' ultimate success. Herron providing a letter of recommendation so Taylor could work as a substitute teacher is another example of The Woods having no ill will toward Taylor or his future success. However, it does not negate Taylor's clear deficiencies at The Woods that led to his termination. Accordingly, the Court finds summary judgment on Taylor's sexual orientation claim is appropriate. Therefore, summary judgment as to Taylor's sexual orientation discrimination claim is granted. The Court now turns Taylor's disability discrimination claim.

B.    *Disability Discrimination Claim*

The Woods contends Taylor has failed to provide any evidence that he was treated differently or subjected to adverse employment action due to a disability or a perceived disability. The Woods further contends Taylor never requested a

reasonable accommodation.[16] Taylor contends he was experiencing high blood pressure, agitation, and sleepless nights as a direct consequence of the treatment he experienced at The Woods.

To be entitled to relief under the ADA, Plaintiff has the burden to show he was disabled at the time he was dismissed from his position. *Griffin v. UPS*, 661 F.3d 216, 222 (5th Cir. 2011). Disability is proven with specific evidence that the plaintiff's particular impairment substantially limits his particular major life activity. For a failure-to-accommodate claim to be successful, the plaintiff must prove: (1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Feist v. La., Dep't of Justice, Off. of the Att'y Gen.*, 730 F.3d 450, 452 (2013). A reasonable accommodation is one that, presently or in the near future, enables the employee to perform the essential functions of his job. *See Dansie v. Union Pac. R.R. Co.*, 42 F.4th 1184, 1193 (10th Cir. 2022).

Taylor's alleged disability are high blood pressure, anxiety, and sleeplessness, none of which are *per se* disabilities under the Americans with Disabilities Act

---

[16] The Court notes that The Woods contend Taylor did not timely assert a failure to accommodate claim. While this is likely true, the Court instead addresses all parts of Taylor's disability discrimination claim.

13

("ADA"). Merely stating the above conditions does not establish a disability pertaining to the ADA. Taylor provided no doctor's note or diagnosis, no medication information, and did not provide any medical evidence of disability, either at the time or throughout discovery.[17] Taylor contends the school refused to "engage" with him, and if The Woods had engaged, "it may very well have reached the conclusion that it encourages the Court to reach now."[18] However, Taylor has the burden to prove that he has a disability recognized under the ADA, which he has repetitively failed to do. Taylor's claims of disability are all conditions that are not generally seen as disabilities by themselves under the ADA. Additionally, Taylor refused to provide any medical proof or details of the alleged conditions. This is a continued pattern of Taylor making conclusory or subjective accusations and then refusing to communicate with the administration of The Woods regarding the problem. Accordingly, Taylor's disability discrimination claims are entirely unsupported from the record.

Taylor requested the accommodation of time to recover from his medical condition and that the school put a stop to the harassment. As noted above, the

---

[17] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 5 at 148:18–20; 149:17–20; and 150:16–20 (*Deposition of Thomas Taylor*).

[18] *Plaintiff Thomas Taylor's Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 19 at 11.

"harassment" claimed is mainly rooted in The Woods's attempt to critique and collaborate with Taylor to ensure his success. Further, the record does not suggest Taylor specifically identified the type or source of the "harassment."[19] The Fifth Circuit has held that it would not be a reasonable accommodation under the ADA to require an employer to eliminate essential job functions, modify job duties, reassign existing employees, or hire new employees. *Toronka v. Continental Airlines, Inc.*, 411 Fed. Appx. 719, 724 (5th Cir. 2011). Taylor's request squarely falls into the parameters contemplated in *Toronka*. Taylor is ultimately requesting to be allowed not to teach his class until the demands for his improvement stop. This is not a reasonable accommodation that The Woods could grant. Accordingly, the Court finds that Taylor has failed to offer sufficient evidence that he can establish a disability discrimination claim or a failure to accommodate claim. Therefore, summary judgment for Taylor's disability discrimination claim is granted. The Court now addresses Taylor's retaliation claim.

C.    *Retaliation Claim*

The Woods contend that Plaintiff did not complain to the Woods of sexual orientation harassment or discrimination, nor is there any evidence that Taylor was

---

[19] *April 29, 2021, Email, supra* note 12.

15

treated differently than his peers. Further, The Woods contends the independent reasons for Taylor's termination show that The Woods would have taken the same actions, and therefore, Taylor cannot show the "but-for" requirement in a retaliation claim. Taylor contends he has established all elements of a retaliation claim, and granting summary judgment would be improper.

To establish a claim of retaliation, a plaintiff must show: (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) a causal link existed between the protected activity and the adverse action. *Banks v. East Baton Rouge Parish School Board*, 320 F3d 570, 575 (5th Cir. 2003). Title VII describes protected activity as either opposing a practice that violates Title VII or making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. 142 U.S.C. § 2000e-3(a).

Here, The Woods has offered copious evidence through affidavits and depositions. The record supports The Woods's contention that Taylor was treated like other teachers and that Taylor refused to take constructive criticism or follow any plan to improve. Meanwhile, Taylor only offers his own testimony with no corroborating evidence. For example, while Taylor alleges many teachers could support his position, he never deposed any of the individuals who could support his position. Further, the April 29, 2021, email made no mention of his sexual orientation. Taylor contends that Herron "knew of his protective activity

16

immediately before his termination." However, Herron's testimony, the content of the email, and affidavits from multiple teachers contradict Taylor's position. Herron specifically testified that she did not know Taylor felt he had been treated differently due to his sexual orientation until the time of his EEOC charge.[20] Accordingly, Taylor fails to establish the necessary causal link between his protected activity and the adverse employment action. Therefore, the Court finds summary judgment regarding Taylor's retaliation claim should be granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion for Summary Judgment (Document No. 17) is **GRANTED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this ___22___ day of February, 2024.


_David Hittner_

DAVID HITTNER
United States District Judge

---

[20] *Defendant's Motion for Summary Judgment*, Document No. 17, Exhibit 13 at 65:2–6 and 93:1–94:10 (*Deposition of Sherry Herron*).